NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-490

BANK OF AMERICA, N.A.

vs.

MARY ELLEN PETRONE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In this postforeclosure summary process eviction action, the defendant, Mary Ellen Petrone, has filed two notices of appeal.  The first seeks to appeal from a Housing Court summary judgment in favor of the plaintiff, Bank of America, N.A. (bank), and from an order entered on December 28, 2021, denying Petrone's motion to vacate that judgment.  The second seeks to appeal from a postjudgment procedural order entered on January 25, 2022.  We conclude that the appeals from the judgment and the procedural order are not properly before us; we affirm the order denying the motion to vacate the judgment.

Background.  On October 2, 2009, Petrone's father executed a reverse mortgage on his property, where Petrone lived.  On February 4, 2018, the father died, triggering a default under the reverse mortgage.  Through various assignments, the reverse

mortgage was acquired by the bank, which foreclosed on the property in 2019, brought this summary process action, and obtained a judgment for possession.

Judgment entered on December 14, 2021. Petrone filed a motion to vacate the judgment on December 27, 2021. The motion, filed under Mass. R. Civ. P. 60 (b) (4), 365 Mass. 828 (1974), asserted that because the bank had not sent Petrone certain preforeclosure notices, the foreclosure was void, the bank lacked standing to bring the summary process action, and thus the judgment was void for lack of subject matter jurisdiction. The motion was denied on December 28, 2021, and Petrone filed her first notice of appeal on January 7, 2022. We defer discussion of the January 25, 2022 procedural order, and Petrone's second notice of appeal challenging it, until later in this decision.

Discussion. 1. First notice of appeal. On May 4, 2022, a single justice of this court issued an order that, among other things, deemed the first notice of appeal "to encompass both the [December 14, 2021] judgment and the [December 28, 2021] order denying [Petrone's] motion to vacate the judgment." There is no dispute that the notice was timely as to, and thus effective to appeal, the order denying the motion to vacate the judgment. As to the judgment itself, however, we conclude that the notice was

2

untimely.  We proceed to address the judgment and then the order.

a.  Judgment.  The bank asserts that the notice was untimely as to the judgment, because it was filed beyond the ten-day appeal period established by G. L. c. 239, § 5 (a), and because the motion to vacate the judgment was filed too late to toll the running of the appeal period under Mass. R. A. P. 4 (a) (2), as appearing in 481 Mass. 1606 (2019).  See generally Youghal, LLC v. Entwistle, 484 Mass. 1019, 1020-1021 (2020) (running of summary process appeal period is tolled by timely motion listed in Mass. R. A. P. 4 [a] [2]).

We first note that whether the appeal period was tolled depends not on when the motion to vacate was filed but on when it was served.  See Mass. R. A. P. 4 (a) (2) (C).  In order to toll the appeal period, the motion must have been served within ten days of the entry of judgment.  See id.  Here, the tenth calendar day after the entry of judgment was December 24, 2021, a Friday.  The motion to vacate that judgment was not accompanied by a certificate of service, but the motion itself was dated "Monday, December 27, 2021," which was the earliest the motion could have been served.  Construing the record in Petrone's favor, we therefore take December 27, 2021, to be the date of service.  Although that was more than ten calendar days after the entry of judgment, Petrone asserts that it was

3

nevertheless timely.  More specifically, she argues that Friday, December 24, 2021, was "appointed as a holiday by the President . . . of the United States," and therefore is a "legal holiday" within the meaning of Mass. R. Civ. P. 6 (a), 365 Mass. 747 (1974).[1]  If she were correct, then, under that rule, the ten-day period for serving the motion to vacate under Mass. R. A. P. 4 (a) (2) (C) would have ended on Monday, December 27, 2021, which we take to be the date it was indeed served.

We are not persuaded, however, that the President appointed December 24, 2021, as a holiday.  Petrone bases her argument on Executive Order 11582, 36 Fed. Reg. 2957, at § 4 (Feb. 13, 1971) (EO 11582).  Section 4 of EO 11582 provides a method for determining holidays for a specific group of Federal employees.[2]  For such employees, "If a holiday occurs on Saturday, the head of the department shall designate in advance either the Saturday or the preceding Friday as the employee's holiday and the employee's basic 40-hour tour of duty shall be deemed to include

_____

[1] The computation of time under Mass. R. A. P. 4, (a) (2) would appear to be governed not by Mass. R. Civ. P. 6 (a) but by Mass. R. A. P. 14 (a), as appearing in 481 Mass. 1626 (2019).  In any event, the relevant language of the latter two rules is identical.

[2] Section 4 begins, "The holiday for a full-time employee for whom the head of a department has established the first 40 hours of duty performed within a period of not more than six days of the administrative workweek as his basic workweek because of the impracticability of prescribing a regular schedule of definite hours of duty for each workday, shall be determined as follows."

4

eight hours on the day designated as the employee's holiday."
EO 11582, § 4(b).  Under this provision, when a holiday such as
Christmas falls on a Saturday, as it did in 2021, then the
question whether any particular Federal employee covered by EO
11582 is given the holiday on the Saturday, or instead on the
preceding Friday, is determined by the head of the employee's
department.

Here, Petrone offers no evidence that any such designation
was made by the head of any particular Federal department as to
Christmas 2021.  More important, Petrone offers no argument that
a Federal department head's determination that certain full-time
Federal employees were to be given their 2021 Christmas holiday
on Friday, December 24, 2021, would equate to that day being
"appointed as a holiday by the President" within the meaning of
Mass. R. Civ. P. 6 (a).  Nor does Petrone dispute the Housing
Court judge's determination, in denying her motion, that "courts
were open for business" on Friday, December 24, 2021.

Accordingly, that date was not a holiday, the motion to
vacate the judgment was served too late to toll the period for
appealing the judgment, and thus the first notice of appeal did
not bring the judgment before us.  We must therefore order the
appeal dismissed to the extent it seeks review of the judgment.[3]

---

[3] Even if the judgment were properly before us, we would affirm
it.  Petrone's attack on the judgment is based on the same

5

b. Order on motion to vacate judgment. Although the first notice of appeal was timely as to the order denying Petrone's motion to vacate the judgment under Mass. R. Civ. P. 60 (b) (4), we conclude that the motion was correctly denied. The basis for the motion was Petrone's assertion that the bank, before foreclosing, did not send her either a notice of the right to cure under G. L. c. 244, § 35A, or a notice of foreclosure under G. L. c. 244, § 14. Petrone thus contended that the foreclosure was void, the bank lacked standing, and thus the Housing Court lacked subject matter jurisdiction, making its judgment void.

The statutes on which Petrone relies, to the extent applicable, require the mortgagee (here, the bank) to give notice to the mortgagor, not to residents of the property. See G. L. c. 244, § 35A (b) (written notice of right to cure must be "given by the mortgagee to the mortgagor"); G. L. c. 244, § 14 (notice of foreclosure sale must be sent to "to the owner or owners of record of the equity of redemption").[4] Moreover, the

_____

grounds as were asserted in her motion to vacate the judgment, and we conclude infra that those grounds have no merit and the motion was properly denied.

[4] Petrone also argued that she was entitled to be sent, with the notice of foreclosure, a certification and a copy of the endorsed note, as then provided by 209 Code Mass. Regs. § 18.21A(2)(c) (2013). That regulation, however, required such materials to be provided "to the borrower." See Ressler v. Deutsche Bank Trust Co. Ams., 92 Mass. App. Ct. 502, 504 & n.5 (2017). The regulation now appears as 209 Code Mass. Regs. § 18.24(2)(c) (2021).

right to cure applies to "a default of a required payment as provided in [the applicable] residential mortgage or note," G. L. c. 244, § 35A (a), whereas, under the reverse mortgage here, the event of default was not nonpayment but, instead, the death of the original mortgagor, Petrone's father. Thus, in this case, the statute did not require notice of a right to cure. And, as to the notice of foreclosure sale, the judge determined that there was no dispute that such notice had been given to the mortgagor, which at the relevant time was the estate of Petrone's father, as well as to Petrone herself.

Petrone's motion to vacate the judgment offered no evidence or persuasive legal argument calling into question the conclusion that the foreclosure process complied with the applicable statutes. Therefore, the bank had standing, the Housing Court had subject matter jurisdiction, the judgment was not void, and the motion to vacate it was correctly denied.

2. Second notice of appeal. Petrone's second notice of appeal, filed on April 26, 2022, stated that she appealed "from the order entered as judgment/final order/denial of reconsideration by this court on 12/28/2021. And entered on 1/25/22." The notice of appeal is confusing, because the order entered on January 25 did not directly address any judgment or order dated or entered December 28. Rather, the January 25 order was endorsed on a motion filed on January 7, 2022, in

7

which Petrone (1) sought clarification of the deadline for appeal and (2) sought to delay processing of her January 7, 2022 notice of appeal. The January 25 order allowed the January 7 motion insofar as it sought clarification and denied that motion insofar as it sought to delay processing of the appeal.

We construe the second notice of appeal as intended to bring before us the order entered January 25, 2022. As to that order, the notice of appeal was untimely. It was filed on April 26, 2022, well beyond both the ten-day appeal period established by G. L. c. 239, § 5 (a), and the thirty-day appeal period established by Mass. R. A. P. 4 (a) (1), as appearing in 481 Mass. 1606 (2019), assuming without deciding that the latter applies. Therefore, the appeal must be dismissed.[5]

Conclusion. The appeals from the judgment entered on

[5] Even if we construe the second notice of appeal as intended to bring before us the December 28, 2021 order denying Petrone's motion to vacate the judgment, the appeal would be untimely. In any event, we have concluded above that the motion to vacate the judgment was correctly denied.

8

December 14, 2021, and the order entered January 25, 2022, are dismissed.  The order entered December 28, 2021, is affirmed.

<u>So ordered</u>.

By the Court (Sacks, Shin & D'Angelo, JJ.[6]),

*Joseph F. Stanton*

Clerk

Entered: July 19, 2023.

---

[6] The panelists are listed in order of seniority.